UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-02587 MMM (PJWx) | Date | June 17, 2009 |
|---|---|---|---|

| Title | *Moore v. City of Los Angeles, et al.* |
|---|---|

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Action Should Not Be Dismissed For Lack of Federal Question Jurisdiction**

## I. BACKGROUND

*Pro se* plaintiff Lawrence Moore filed this action on April 14, 2009 against the City of Los Angeles; Antonio Villaraigosa; the Department of Water and Power; David Nahai; Y.M. Allen; Dennis Meister; and an individual identified as "the 'John Doe' switching station lead supervisor who Meister has refused to identify."

The caption of the complaint lists the following causes of action: "Labor-Management Relations Act violations; breaches of the duty to fairly represent; breaches of contract; breaches of a covenant of good faith, and fair dealing; and 'intentional inflictions' of emotional distress on employees."

Although the caption mentions the Labor-Management Relations Act ("LMRA") and the duty of fair representation, the body of complaint does not mention the statute. Plaintiff contends that he is classified as a "journeyman inside wireman" by the International Brotherhood of Electrical Workers ("IBEW"),[1] and that he was entitled to representation by a steward during interactions with his

---

[1] Complaint, ¶ 3.

supervisors at a high-voltage switching station near Sylmar, California.[2] Plaintiff has not named the union or a union representative as a defendant, however. Given the absence of any reference to the LMRA in the body of the complaint, and the fact that the union is not named as a defendant, it appears that plaintiff does not in fact intend to assert a claim under the LMRA.

The first paragraph of plaintiff's complaint, captioned "Jurisdiction," states: "This action is brought for discrimination in employment as per Title VII of [the] Civil Rights Act of 1964 . . . and Age Discrimination in [ ] Employment Act of 1967. . . for causing economic harm."[3] The caption of the complaint does not mention Title VII or the ADEA, however, and there are no further references to the statutes in the balance of the complaint. The four claims alleged in the complaint are state law causes of action: breach of the duty to employ; breach of contract; breach of the covenant of good faith and fair dealing; and intentional infliction of emotional distress. Thus, although plaintiff purports to invoke jurisdiction under Title VII and the ADEA, he has not pled claims under those statutes.

As the party invoking federal jurisdiction in this case, plaintiff has the burden of establishing the existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). This burden, at the pleading stage, can be met by alleging sufficient facts to show that there is a proper basis for jurisdiction. FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction").

The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Southwest Cable Television, Inc. v. CIIF Assocs.*, 33 F.3d 1068, 1071 (9th Cir. 1994).

---

[2]*Id.*, ¶¶ 3, 59.

[3]*Id.*, ¶ 1.

## II. DISCUSSION

### A.     Standard Governing Federal Question Jurisdiction

Absent diversity of citizenship, federal question jurisdiction is required before a case can be heard in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1441(b). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed to be absent unless plaintiff has alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial and dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. It is not sufficient for a complaint to identify the statutory or constitutional provision under which the claim arises; it must also allege sufficient facts to show that the case arises under federal law. *Martinez v. U.S.O.C*, 802 F.2d 1275, 1280 (10th Cir. 1986); see also *Kirkland Masonry, Inc. v. Commissioner*, 614 F.2d 532, 533 (5th Cir. 1980).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

### B.     Whether Plaintiff Has Established the Existence of Federal Question Jurisdiction

Plaintiff has not shown that the court has federal question jurisdiction to hear this matter. The caption of plaintiff's complaint references the LMRA, and the "Jurisdiction" section of the complaint invokes Title VII and the ADEA. The claims plaintiff has pled, however, arise under state law. It thus appears that plaintiff does not intend to assert a cause of action under the LMRA, Title VII, or

ADEA.[4]  Because the complaint as pled asserts state law claims only, plaintiff has not established the existence of federal question jurisdiction.  The mere mention of federal statutes, absent assertion of a claim under those statutes, does not provide grounds for federal question jurisdiction.  See *Mitchell v. Abel*, No. 88-2438, 1989 WL 102954, *2 (9th Cir. Aug. 30, 1995) (Unpub. Disp.) ("Although the caption of Mitchell's complaint lists several federal rules and statutes, including 42 U.S.C. §§ 1981 and 1983, this list has no verbal counterpart in the complaint itself.  A suit arises under the constitution and laws of the United States only when the plaintiff's own statement of his cause of action shows it to be based upon the constitution or those laws").

### C.     Whether Plaintiff Has Established the Existence of Diversity Jurisdiction

Absent a federal question, federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant.  28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996).  Plaintiff does not allege the citizenship of any of the parties; the allegations stated in the complaint, however, suggest that all parties are citizens of California.  As a result, complete diversity is likely absent.

Further, diversity jurisdiction requires that the amount in controversy exceed $75.000.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter

---

[4]If plaintiff in fact intends to assert a claim under any of these federal statutes, he must file an amended complaint.  Because defendants have not filed an answer, plaintiff may file an amended complaint as a matter of course.  See FED.R.CIV.PROC. 15(a)(1)(A); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("This court has held that 'a motion to dismiss is not a 'responsive pleading' within the meaning of [ ] Rule [15],'" quoting *Schreiber Distributing v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986)).

To state a claim for breach of the duty of fair representation, plaintiff must allege (1) that his union's conduct towards him was "arbitrary, discriminatory, or in bad faith"; and (2) that there was "a causal connection between the union's wrongful conduct and [his] injuries."  *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 179 (2d Cir. 2001) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998) and *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir.1998)).

To state a claim for discriminatory discharge in violation of Title VII or the ADEA, a plaintiff must allege facts showing "(1) that he belongs to a protected class, (2) that he was performing his duties satisfactorily, (3) that he was discharged, and (4) that his discharge occurred in circumstances giving rise to an inference of discrimination on the basis of his membership in that class."  *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d. Cir. 1997); see also *Mustafa v. Clark County School Dist.*, 157 F.3d 1169, 1180 n. 11 (9th Cir. 1998) ("This Court applies the same standards to disparate treatment claims pursuant to Title VII [and] the Age Discrimination in Employment Act (ADEA)").  To establish that he is a member of a protected class under the ADEA, plaintiff must allege that he is at least forty years of age.  See 29 U.S.C. § 631(a).

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). Plaintiff does not allege that this jurisdictional threshold is satisfied in his case. He thus has not carried his burden of showing that the amount in controversy exceeds $75,000.

### III. CONCLUSION

For the foregoing reasons, the court orders plaintiff to show cause by **July 1, 2009**, why the action should not be dismissed for lack of subject matter jurisdiction. Failure to respond by this date will result in immediate dismissal of plaintiff's complaint. If plaintiff wishes to assert the state law claims pled in the complaint, he may refile the case in state court. If he intends to assert causes of action under the LMRA, Title VII, or the ADEA, he must file an amended complaint.

In view of the court's doubts as to whether it has jurisdiction to hear this matter, the hearing on defendants' pending motion to dismiss, currently calendared for June 29, 2009 at 10:00 a.m. is vacated. The motion will be set for hearing in the event the court concludes that there is a jurisdictional basis for this matter to be heard in federal court.